Filed:  May 20, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 97-1202
(CA-94-875-5)

_____

Roger Brown,

                              Plaintiff - Appellant,

        versus

Appalachian Mining, Inc.,

                              Defendant - Appellee.

_____

O R D E R

_____

        The Court amends its opinion filed April 27, 1998, as
follows:

        On the cover sheet, section 3, line 3 -- the spelling of
Judge Hallanan's name is corrected.

                              For the Court - By Direction

                              /s/ Patricia S. Connor
                              _____
                                        Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER BROWN,
Plaintiff-Appellant,

v.                                              No. 97-1202

APPALACHIAN MINING, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CA-94-875-5)

Submitted: January 28, 1998

Decided: April 27, 1998

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit
Judge, and FOX, United States District Judge for the Eastern
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Thomas Hardin, HARDIN LAW OFFICE, P.S.C., Inez, Kentucky,
for Appellant. Scott W. Andrews, OFFUTT, EIFERT, FISHER &
NORD, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Roger Brown appeals the district court's entry of summary judgment in favor of the defendant-appellee, Appalachian Mining, Inc. We review the district court's decision to grant summary judgment de novo. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). We affirm.

I.

The plaintiff-appellant, Roger Brown, was employed by the defendant-appellee, Appalachian Mining, Inc., on October 9, 1992, when he was injured in a mining accident. At the time of the accident, Brown was the operator of a remote, automated underground Joy Miner which he operated from a booth located on a launch pad outside of the mine. Mining cars were hooked onto the miner on the launch pad. On October 9, 1992, at approximately 10:00 a.m., Brown stopped the miner because a large rock had fallen from the roof of the mine onto a part of the miner. Because the rock could not be moved manually, Brown and other workers decided to use a Caterpillar 988B endloader to move the rock. The endloader had been modified by replacing the bucket or scoop on the front of the endloader with a large, flat piece of metal (referred to as a "pizza pan"). In order to facilitate the use of the endloader to remove the rock from the miner, Brown left the operator's compartment on the launch pad so that he could hold back a set of electrical cables and water lines away from the endloader. At the time of the accident, Brown was standing with his left foot on the miner, and his right foot on one of the mining cars. Another employee of Appalachian Mining, Joe Wyatt, operated the endloader. As the endloader came towards the miner to remove the rock, Brown's lower right leg and foot were pinned between the pizza pan and the mining car, causing him severe injuries.

2

Based on the diversity of citizenship of the parties, Brown filed suit in federal district court claiming that his employer had "deliberately inten[ded]" to harm him. Appalachian Mining moved for summary judgment. After allowing time for discovery, the district court entered summary judgment for Appalachian Mining on the grounds that Brown had failed to provide competent evidence that his employer deliberately intended to harm him. This appeal followed.

II.

Generally, employers in West Virginia who subscribe and pay into the Workers' Compensation Fund cannot "be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring." W.VA. CODE § 23-2-6 (1997). However, WEST VIRGINIA CODE § 23-4-2 provides an exception to the blanket of immunity for employers from common-law suit when the employee's injury is the result of the employer's "deliberate intention" to cause injury. See W.VA. CODE § 23-4-2(b).[1] The statute sets forth two methods of proving deliberate intent. See W.VA. CODE § 23-4-2(c)(2). The first method is not relevant to this case. The second method requires the injured employee to prove five elements which if established will preserve his common-law cause of action against his employer. The statute provides:

> (c)(2) The immunity from suit provided under this section . . . may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention." This requirement may be satisfied only if: . . .

_____

[1] The statute provides in relevant part:

> (b) If injury or death result [sic] to any employee from the deliberate intention of his or her employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee has the privilege to take under this chapter, and has a cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter.

W.VA. CODE § 23-4-2.

3

(ii) The trier of fact determines . . .

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment, or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

W.VA. CODE § 23-4-2(c)(2)(ii). The statute further directs a court to dismiss a "deliberate intention" action upon motion for summary judgment if the court finds "that one or more of the facts required to

be proved by the provisions of the subparagraphs (A) through (E) . . . do not exist." § 23-4-2(c)(2)(iii)(B); see also Handley v. Union Carbide Corp., 620 F. Supp. 428, 430-32 (S.D.W.Va. 1985), aff'd, 804 F.2d 265 (4th Cir. 1986) (noting the legislative preference for summary judgments and directed verdicts in "deliberate intention" claims).

III.

Brown asserts that he can provide competent evidence of all five elements of a "deliberate intention" claim under W.VA. CODE § 23-4-2. However, in entering summary judgment for Appalachian Mining, the district court held that "it would be unlikely, if not impossible, for a jury to find that Plaintiff had met any one of the five elements." J.A. at 562 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Because a failure to provide competent evidence of any one of the five elements is fatal to a deliberate intention claim, and because the district court found an absence of competent evidence to prove any of the five elements, the district court held that summary judgment in favor of Appalachian Mining was appropriate. See id. at 567-68.

We agree with the trial court that Brown failed to provide competent evidence of any one of the five elements. The first element of a "deliberate intention" claim requires proof of the existence of a specific unsafe working condition that presented a high degree of risk and a strong probability of serious injury or death to an employee. Brown argued that an alleged faulty hydraulic system in the endloader which caused the pizza pan to drop and injure his foot and the use of the endloader for the purpose of removing rocks both were specific unsafe working conditions presenting a high degree of risk and strong probability of serious injury or death. The district court held that neither condition was a specific unsafe working condition and that neither condition presented a high degree of risk and strong probability of serious injury or death.

Brown complains that in so holding the district court engaged in impermissible fact-finding when it declared that a defective hydraulic system was not the cause of his injury. He asserts that his testimony, along with the testimony of co-workers Joe Wyatt and David McKen-

5

zie, established a factual dispute as to the defectiveness of the endloader's hydraulic system and the cause of the accident.

Brown's arguments do not have merit. In reaching its conclusion, the district determined that Brown had failed to demonstrate with competent evidence a genuine issue of material fact from which a reasonable jury could find that the hydraulic system was defective. See J.A. at 562-65; see also Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985) ("Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice."). For example, Brown offered no expert testimony that the endloader's hydraulic system was defective. J.A. at 505-06. In fact, Brown's only proffer of evidence on the issue was his own deposition testimony, the testimony of Joe Wyatt (that actually contradicted Brown's allegations), and the testimony of an Appalachian Mining employee who did not witness the accident. See J.A. at 505, 513-14. The district court stated that "Plaintiff cannot create a genuine issue of fact merely by asserting, without any supporting evidence, a different theory of causation from that of Defendant." See J.A. at 556. A district court is permitted to enter summary judgment on an issue when a "fair-minded jury could [not] return a verdict for the [nonmovant] on the evidence presented." Anderson, 477 U.S. at 252. In this case, we cannot disagree with the trial court that a reasonable jury could not have returned a verdict for the plaintiff on the unsafe working condition element of his "deliberate intent" claim.

Brown also asserts that he presented competent evidence of the second element of a "deliberate intent" claim. We agree with the trial court that Brown's evidence was insufficient to avoid summary judgment. As the West Virginia Supreme Court has explained, the "`deliberate intention'" exception to the Worker's Compensation system is meant to deter the malicious employer, not to punish the stupid one." Helmick v. Potomac Edison Co., 406 S.E.2d 700, 705 (W.Va. 1991). Thus, in proving the second element of a deliberate intention claim, an employee must show that an employer had a "subjective realization" of a defective condition with a high degree of risk and strong probability of serious injury or risk. In other words, the employer must have known of the danger to the employee. See W.VA. CODE § 23-4-2(c)(2)(ii)(B).

6

The West Virginia Supreme Court also has explained that the subjective realization requirement "is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong possibility of serious injury or death presented by that condition. Instead, it must be shown that the employer actually possessed such knowledge." Blevins v. Beckley Magnetite, Inc., 408 S.E.2d 385, 393 (W.Va. 1991) (emphasis added). Cases that have addressed "subjective realization" of unsafe working conditions have focused on factors such as: (i) whether any prior injuries had occurred because of the condition; (ii) whether the employer previously had been cited by government officials for the violation; and (iii) whether there had been any prior complaints that would have put the employer on notice of the high degree of risk and strong probability of serious injury or death created by the condition. See, e.g., Blevins, 408 S.E.2d at 391-93. Plaintiff presented no evidence of any prior injuries caused by the endloader, or of any citations for violation of any safety regulations. Plaintiff's only evidence on the issue of subjective realization consisted of testimony from Joe Wyatt that he had informed the employer of the endloader's defective hydraulic system. We agree with the trial court's conclusion that "[e]ven given that Defendant may have had knowledge the endloader was not working properly, there is no indication that Defendant had any subjective knowledge that the endloader's condition presented a risk of serious injury or death to its employees." J.A. at 566. Thus, summary judgment in favor of the defendant on this issue was appropriate.

The third element of a "deliberate intent" claim requires a showing that the employer violated a specific state or federal safety regulation or industry custom in subjecting an employee to a known defective condition. See W.VA. CODE § 23-4-2(c)(2)(ii)(C). The "deliberate intent" statute is explicit that a "regulation. . . generally requiring safe . . . equipment" is insufficient to satisfy the third element. Greene v. Carolina Freight Carriers, 663 F. Supp. 112, 115 (S.D.W.Va. 1987). As one court has explained, "[t]o put the employer on notice, and to evidence its egregious conduct, the statute or standard must specifically address the unsafe working condition in question. It is not enough to prove that a part on a piece of machinery was defective and that a statute or regulation required all parts to be in good working order." Id. Brown presented no competent evidence that the endloader

7

violated any specific state, federal or industry safety regulation. The only evidence Brown offered as to the third element was his own testimony, and that of Joe Wyatt, that use of a pizza pan instead of the endloader's bucket is not a generally accepted industry practice. We agree with the district court's conclusion that this evidence was not competent to meet the high degree of specificity required by the statute. On appeal, Brown now cites 30 C.F.R. § 77.404(a) as having been violated.[2] But this regulation is exactly the kind of general safety provision that the statute itself declares insufficient. Thus, Brown has failed to provide competent evidence of the violation of any specific safety regulation or standard by Appalachian Mining, and thus fails to demonstrate his employer's "deliberate intent" under the statute.

Similarly, we agree with the trial court that Brown failed to provide competent evidence of the existence of the fourth and fifth elements of a "deliberate intent" claim. The fourth element requires that, notwithstanding the presence of elements one, two and three, the employer intentionally exposed its employee to a known unsafe working condition. See W.VA. CODE § 23-4-2(c)(2)(ii)(D). The fifth element requires that exposure to the known unsafe working condition was the proximate cause of the serious injury of death. See § 23-4-2(c)(2)(ii)(E). Both the fourth and fifth elements require proof of the first three elements. As Brown failed to provide competent evidence of the first three elements of a "deliberate intent" claim, he cannot provide evidence of the existence of the fourth and fifth elements.

IV.

In sum, because Brown failed to make a showing sufficient to establish the existence of any of the five elements essential to his deliberate intention claim under West Virginia law, summary judgment in favor of Appalachian Mining was appropriate. See Anderson,

_____

[2] Section 77.404(a) of Chapter 30 of the Code of Federal Regulations on machinery and equipment in mining operations states: "(a) Mobile and stationary machinery and equipment shall be maintained in safe operating condition and machinery or equipment in unsafe condition shall be removed from service immediately." 30 C.F.R. § 77.404(a).

477 U.S. at 252. Accordingly, the judgment of the district court is

<u>AFFIRMED</u>.

9